■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHANSEN F. SEPULVEDA, Appellant. [883 NYS2d 733]—

Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 3, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant, a legal permanent resident, was indicted in September 2005 for the crime of criminal possession of a controlled substance in the third degree. After extensive plea negotiations, including consideration of his possible deportation for committing a felony narcotics offense (*see* 8 USC § 1227 [a] [2] [B] [i]) and a negative evaluation for admission to the Drug Court, defendant pleaded guilty on January 11, 2006 to a reduced charge of criminal possession of a controlled substance in the fifth degree with the understanding that he would be sentenced to four months in jail followed by five years of probation.

---

After receipt of the presentence report, County Court, with the consent of the District Attorney, agreed to place defendant on interim probation for a period of one year, after which-assuming he complied with the terms of probation-defendant's guilty plea to the felony would be vacated and he would be permitted to plead guilty to a misdemeanor, thereby avoiding the possibility of deportation. However, other charges were filed against defendant within the probationary term and, subsequently, defendant changed attorneys and moved to withdraw his plea. Finally, on January 3, 2008, after 22 scheduled court appearances, County Court sentenced defendant to five years of probation. Defendant now appeals, asserting that his motion to withdraw his guilty plea should have been granted.

We disagree and affirm. "Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement" (*People v Davis*, 250 AD2d 939, 940 [1998] [citation omitted]) and "the decision to permit withdrawal . . . is a matter committed to the trial court's sound discretion" (*People v Singletary*, 51 AD3d 1334, 1334 [2008], *lv denied* 11 NY3d 741 [2008]). Here, a careful review of the record reveals no abuse of discretion in County Court's denial of defendant's motion to withdraw his plea (*see generally People v McDonald*, 296 AD2d 13, 17 [2002], *affd* 1 NY3d 109 [2003]).

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.