(October 22, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN MARSHALL, Appellant. [887 NYS2d 308]—

Kavanagh, J. Appeal, by permission, from an order of the County Court of Albany County (Herrick, J.), entered January 9, 2007, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a controlled substance in the fourth degree, without a hearing.

In 2003, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree and waived his right to appeal in return for an agreement that he receive a prison sentence of 3 to 6 years. When defendant failed to appear at sentencing, a warrant was issued for his arrest and, after being apprehended, he was sentenced as a predicate felon to a prison term of 4 to 8 years. While defendant's direct appeal of this conviction was pending, the U.S. Immigration and Naturalization Service served upon him a notice that, as a result of his conviction, deportation proceedings would be initiated against him. After defendant's conviction was affirmed on appeal (25 AD3d 876 [2006], *lv denied* 6 NY3d 850 [2006]), he moved to vacate the judgment pursuant to CPL 440.10 because, as defendant claimed, he only pleaded guilty in reliance on his counsel's

assurance that the resulting conviction would not mandate his deportation under federal law. Therefore, defendant claims that he received ineffective assistance of counsel and, as a result, his decision to enter a guilty plea was not knowing and voluntary. County Court denied his application without a hearing. By permission of this Court, defendant now appeals.

Given defendant's insistence that he would not have pleaded guilty but for counsel's advice regarding the issue of deportation, his claim of ineffective assistance of counsel impacts upon the voluntariness of his plea and survives the waiver of his right to appeal (*see People v Stokely*, 49 AD3d 966, 968 [2008]). The failure of counsel to correctly advise a defendant that a guilty plea may result in deportation under applicable federal law can provide a basis for vacating the guilty plea if it can be shown that there was a reasonable probability that, but for counsel's misstatement, defendant would not have entered a guilty plea (*see People v McDonald*, 1 NY3d 109, 114-115 [2003]; *People v Argueta*, 46 AD3d 46, 50 [2007], *lv dismissed* 10 NY3d 761 [2008]; *People v McKenzie*, 4 AD3d 437, 440 [2004]). Here, defendant alleges that his counsel made an "assurance that he would not have to worry about Immigration trying to deport him" if he accepted the plea bargain and entered a guilty plea (*compare People v Sepulveda*, 65 AD3d 754, 755 [2009]; *People v Nunez*, 25 AD3d 376, 377 [2006], *lv denied* 6 NY3d 836 [2006]). In fact, federal law requires that all deportable aliens be removed from the United States and defines a deportable alien as one who has been convicted of "a violation of . . . any law or regulation of a [s]tate, the United States, or a foreign country relating to a controlled substance (as defined in [21 USC § 802]), other than a single offense involving possession for one's own use of 30 grams or less of marijuana" (8 USC § 1227 [a] [2] [B] [i]; *see People v McKenzie*, 4 AD3d at 439). Given defendant's insistence that he would not have pleaded guilty but for his reliance on this alleged misstatement by counsel of applicable federal law, County Court should have held a hearing prior to deciding defendant's CPL 440.10 motion (*compare People v McDonald*, 1 NY3d at 115).

Spain, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.