■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN FITZGERALD WILLIAMS, Appellant. [899 NYS2d 438]—

. Stein, J. Appeal, by permission, from an order of the County Court of Cortland County (Campbell, J.), entered February 23, 2009, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal sale of a controlled substance in the third degree, without a hearing.

Defendant, a citizen of St. Kitts-Nevis, was charged in an indictment with criminal sale of a controlled substance in the third degree. He pleaded guilty to that crime, waived his right to appeal and was sentenced to two years in prison followed by two years of postrelease supervision. Thereafter, as defendant's conviction was related to a controlled substance, the Immigration and Naturalization Service commenced deportation proceedings against him (*see* 8 USC § 1227 [a] [2] [B] [i]). Defendant subsequently moved to vacate the judgment of conviction pursuant to CPL 440.10, claiming that he was denied the effective assistance of counsel and that his plea was not knowing and voluntary because his attorney had assured him that pleading guilty would not expose him to deportation. After concluding that defendant's ineffective assistance challenge did not impact the voluntariness of his plea and was thus precluded by the waiver of his right to appeal, County Court denied the

motion without a hearing. With permission from this Court, defendant now appeals.

We reverse. Inasmuch as defendant asserts that he would not have pleaded guilty but for counsel's representation that doing so would not subject him to deportation, defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea and survives the waiver of his right to appeal (*see People v Marshall*, 66 AD3d 1115, 1116 [2009]), particularly in view of the recent decision of the United States Supreme Court in *Padilla v Kentucky* (559 US —, 130 S Ct 1473 [2010]). Moreover, where a defendant can demonstrate prejudice—that he or she would not have entered the plea and would have insisted on going to trial absent counsel's misadvice—such a claim may form the basis for vacating a plea (*see People v McDonald*, 1 NY3d 109, 114-115 [2003]). Here, the affidavit accompanying defendant's motion indicates that he initially rejected the People's plea offer, accepting it only after allegedly being assured by counsel several times that pleading guilty would not result in his deportation (*cf. id.* at 115). Notably, an affidavit submitted by defendant's girlfriend supports his contention, suggesting that defendant repeatedly expressed reservations about pleading guilty if such a plea might lead him to being deported. According to her, she was present on at least four occasions when defense counsel stated that defendant would not be exposed to deportation proceedings due to his guilty plea. Under such circumstances, County Court should have conducted a hearing prior to deciding defendant's CPL 440.10 motion (*see People v Marshall*, 66 AD3d at 1116; *People v McKenzie*, 4 AD3d 437, 438-440 [2004]; *compare People v Argueta*, 46 AD3d 46, 51 [2007], *lv dismissed* 10 NY3d 761 [2008]).

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.