■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARLOS REYNOSO, Also Known as JUAN CARLOS REYNOSO-FABIAN, Also Known as PAPI, Appellant. [931 NYS2d 430]—

McCarthy, J.

In 1999, defendant, a resident alien who had legally entered the United States, pleaded guilty to the crimes of criminal sale of a controlled substance in the third degree (five counts) and criminal possession of a controlled substance in the third degree. County Court (Leaman, J.) imposed six terms of 1 to 4 years in prison, three to run consecutively and three to run concurrently. Upon defendant's appeal challenging only the harshness of his sentence, this Court affirmed (*People v Reynoso*, 11 AD3d 719 [2004]). In 2010, defendant moved pursuant to CPL 440.10 to vacate his conviction. County Court (Nichols, J.) denied the motion without a hearing. Defendant now appeals by permission.

Defendant contends that his plea was not knowing and voluntary, and that counsel was ineffective, because counsel did not discuss any defenses—namely agency and entrapment—with defendant, informed defendant that he had no defenses, misinformed him concerning the deportation consequences of his plea, and pressured him to plead guilty. Initially, defendant's al-

legations were properly raised in a CPL 440.10 motion because they rely on information outside the record of the plea proceedings and therefore could not have been raised on direct appeal (*see People v Hickey*, 277 AD2d 511, 511-512 [2000], *lv denied* 95 NY2d 964 [2000]; *see also People v Lafoe*, 75 AD3d 663, 664 [2010], *lv denied* 15 NY3d 953 [2010]; *compare* CPL 440.10 [2] [c]). County Court properly discounted the allegations that defendant was pressured to plead guilty, as those allegations were conclusory and not factually supported.

County Court properly denied a hearing on the aspects of defendant's motion concerning defenses. A court may deny a CPL 440.10 motion without a hearing if "[a]n allegation of fact essential to support the motion . . . is contradicted by a court record . . . or is made solely by the defendant . . . [and] there is no reasonable possibility that such allegation is true" (CPL 440.30 [4] [d]). At the beginning of the plea proceedings, defense counsel advised the court that he had specifically told defendant "about any defenses in this case," "[i]n particular an agency defense," and that he would be waiving those defenses. During the plea colloquy, the court informed defendant that by pleading guilty he would be "giving up any and all defenses . . . including but not limited to the so called agency defense and the so called entrapment defense." Defendant acknowledged the court's warnings, did not ask any questions about the identified defenses, and stated that he was satisfied with counsel's representation. His current assertions that he was unaware of the agency and entrapment defenses are belied by the record, permitting the court to deny a hearing regarding those allegations.

Defendant was entitled to a hearing, however, on the aspect of his motion alleging that counsel was deficient by providing incorrect information concerning the deportation consequences of the plea (*see Padilla v Kentucky*, 559 US —, —, 130 S Ct 1473, 1483 [2010]). As relevant here, federal law provides that any alien who is convicted of violating a state law "relating to a controlled substance . . . is deportable" (8 USC § 1227 [a] [2] [B] [i]). An alien convicted of illicit trafficking of controlled substances has committed an aggravated felony (*see* 8 USC § 1101 [a] [43] [B]), and is not eligible to have the United States Attorney General cancel his or her deportation (*see* 8 USC § 1229b [a] [3]). Thus, defendant's deportation was virtually mandated by his conviction for selling a controlled substance. According to defendant, however, his counsel advised him that he could avoid deportation if he pleaded guilty and appealed the sentence. Defendant's "understanding was that if [he] appealed the sentence,

by the time [he] was released from prison, [he] could no longer be deported." He also averred that had he known that a plea of guilty would definitely lead to deportation, he would not have pleaded guilty, but would have taken his chances at trial. Defendant sufficiently alleged that counsel provided incorrect information concerning the deportation consequences that would result from his plea, and that defendant was prejudiced because he would not have pleaded guilty had he been properly advised. Hence, defendant was entitled to a hearing on that aspect of his motion alleging that his judgment of conviction should be vacated because it was thereby tainted by ineffective assistance of counsel (*see People v Williams*, 72 AD3d 1347, 1348 [2010]; *People v Marshall*, 66 AD3d 1115, 1116 [2009]).

Peters, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.