■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIHAD ACHOUATTE, Appellant. [936 NYS2d 384]—

Egan Jr., J.

We affirm. Inasmuch as defendant alleges that he would not have pleaded guilty but for counsel's purported misrepresenta-

tions regarding defendant's immigration status, defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea and, hence, survives his otherwise valid waiver of the right to appeal (*see People v Williams*, 72 AD3d 1347, 1348 [2010]; *People v Marshall*, 66 AD3d 1115, 1116 [2009]). Although properly before us, defendant's assertion that defense counsel "failed to investigate the immigration consequences associated with the proposed plea" and affirmatively misrepresented that defendant "did not have to worry about his immigration status" nonetheless is belied by the record as a whole. Accordingly, County Court properly denied defendant's motion without a hearing.

Although the parties make scant reference to the relevant provisions of the Immigration and Nationality Act (8 USC § 1101 *et seq.*), there appears to be little question that defendant's plea to criminal possession of a controlled substance in the fourth degree rendered him subject to deportation (*see* 8 USC § 1227 [a] [2] [B] [i]; *People v Marshall*, 66 AD3d at 1116). There also, however, is no question that defendant repeatedly was made aware of the potential impact that his plea could have upon his immigration status. During a pretrial conference conducted in August 2007, the District Attorney, defense counsel and County Court discussed the potential immigration consequences should defendant elect to either plead guilty or proceed to trial, and County Court advised defendant that a felony conviction "may result in [his] deportation, exclusion from admission to the United States or denial of naturalization." For that reason, County Court granted defense counsel's request that defendant be given additional time to consider his options. When the parties returned to court in September 2007, defense counsel expressed concern that the offer then proposed by the People would "result not only in [defendant's] participation [*sic*], but permanent barring into the country" and requested an adjournment so that defendant could consult with the immigration attorney who had been retained by his family. County Court granted that request, stating, "I am not an immigration lawyer, but . . . this . . . has some very serious ramifications for you. So I think it's a good idea that you talk to an immigration attorney."

Defendant reappeared before County Court in November 2007, at which time he indicated that he wished to enter a plea. Prior to accepting defendant's plea, County Court reiterated that it had no control over defendant's immigration status and made clear that it was not making any guarantees as to what might transpire in that regard should defendant elect to plead

guilty. Upon County Court's further inquiry, defense counsel advised the court that the proposed plea to criminal possession of a controlled substance in the fourth degree had been reviewed by defendant's immigration attorney, who, in turn, had indicated that such a plea would afford "an opportunity to fight perhaps deportation but certainly be able to fight [defendant's] exclusion from the country." After ascertaining that defendant had sufficient time to confer with counsel and delineating the various rights that defendant would be forfeiting, County Court accepted defendant's plea.

Although the parties debate whether defendant's deportation was a foregone conclusion and, further, whether defendant was eligible to have his removal from this country canceled by the United States Attorney General, we nonetheless are satisfied that defense counsel fulfilled his obligations under *Padilla v Kentucky* (559 US —, —, 130 S Ct 1473, 1483 [2010]) and that defendant's plea as a whole was knowing, intelligent and voluntary. Accordingly, we discern no need for a hearing on defendant's motion (*compare People v Reynoso*, 88 AD3d 1162, 1163-1164 [2011]; *People v Williams*, 72 AD3d at 1348; *People v Marshall*, 66 AD3d at 1116).

Spain, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed.