■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY GLASGOW, Appellant. [943 NYS2d 674]—

Spain, J. Appeal, by permission, from an order of the County Court of Albany County (Herrick, J.), entered November 30, 2010, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal sale of a controlled substance in the fifth degree, after a hearing.

Pursuant to a negotiated plea agreement and in satisfaction of an indictment charging him with criminal sale of a controlled substance in the third degree, a class B felony, defendant, a citizen of Guyana with permanent resident status in the United States, pleaded guilty in 2005 to the reduced crime of criminal sale of a controlled substance in the fifth degree, a class D felony. He was sentenced to the agreed-upon term of six months in jail and five years of probation. He did not appeal that judgment. In 2010, after removal (i.e., deportation) proceedings were commenced against him reportedly[1] based upon this 2005 conviction and a 2002 drug-related misdemeanor, defendant—aided by counsel—moved pursuant to CPL 440.10 to vacate his 2005 judgment of conviction. Defendant contended that his guilty plea was not knowing, voluntary and intelligent because his trial counsel had ineffectively represented him by misinforming him that he would not be subject to removal as a consequence of that guilty plea. After a hearing at which defendant and his trial counsel testified, County Court denied defendant's motion. Defendant now appeals.

It is not disputed that as a resident alien, defendant's conviction, upon his guilty plea, to criminal sale of a controlled substance in the fifth degree rendered him subject to deporta-

---

1. Those papers are not in the record on appeal.

tion (*see* 8 USC § 1227 [a] [2] [B] [i]; *People v Reynoso*, 88 AD3d 1162, 1163 [2011]; *see also People v Achouatte*, 91 AD3d 1028, 1029 [2012], *lv denied* 18 NY3d 954 [2012]; *People v Marshall*, 66 AD3d 1115, 1116 [2009]). In *Padilla v Kentucky* (559 US —, — n 1, —, 130 S Ct 1473, 1477 n 1, 1483 [2010]), the United States Supreme Court held that federal immigration laws governing deportation of resident aliens convicted of drug-related offenses are clear and explicit, making removal "presumptively mandatory," and that trial counsel's representation is constitutionally deficient if he or she fails to accurately advise or misadvises a defendant, prior to entering a guilty plea, of the deportation consequences of that plea (*see Strickland v Washington*, 466 US 668, 686, 688 [1984]).[2]

To meet his burden of proving that he was deprived of meaningful representation related to his guilty plea, defendant was required to establish both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense" (*id.* at 687; *see People v McDonald*, 1 NY3d at 113-114). At the hearing, defendant testified that he had been concerned about and discussed with counsel the immigration consequences of a guilty plea to the drug sale offense in the plea offer. While defendant admitted being aware at the time of this plea that a felony drug-related conviction subjected him to removal, which he learned during a prior plea to a reduced drug-related misdemeanor, he testified that counsel advised him not to worry regarding the immigration consequences of this plea because he was a "small fish" and federal authorities have "bigger fishes to fry." Defendant claimed he would not have accepted the plea offer if he knew that it would result in his removal.

Counsel testified that, although he could not recall his specific conversations with defendant, he was aware that defendant was not a citizen in 2005 and his general practice, as relevant here, is to advise all noncitizens that deportation is a possible consequence of any drug-related conviction. He also testified that, in his experience, the likelihood of removal proceedings being pursued by federal authorities may be diminished when a plea

---

**2.** We need not decide whether *Padilla* is to be applied retroactively to defendant's collateral attack premised upon counsel's alleged affirmative misadvice (*see People v Pepper*, 53 NY2d 213, 220-221 [1981], *cert denied* 454 US 967 [1981]). At the time of defendant's 2005 plea, the New York Court of Appeals had established that counsel's affirmative misrepresentation to a noncitizen regarding the deportation consequences of a contemplated guilty plea constituted deficient performance as required to establish the first prong of an ineffective assistance of counsel claim (*People v McDonald*, 1 NY3d 109 [2003]).

is to a reduced lower level felony, as here, or is served in local jail rather than state prison, and he may have shared that opinion with defendant. In denying defendant's motion, County Court expressly credited counsel's testimony—which contradicted that of defendant—that he would not have told defendant that he would not be deported as a result of the subject guilty plea, and we accord great deference to that credibility assessment (*see People v Bodah*, 67 AD3d 1195, 1196 [2009], *lv denied* 14 NY3d 838 [2010]).

Because defendant was advised that removal was a possible consequence of his guilty plea, and was not misinformed to the contrary, he did not establish that counsel failed to fulfill his obligations on this issue or that his advice was deficient so as to satisfy the first prong of an ineffective assistance of counsel claim (*see Padilla v Kentucky*, 559 US at —, 130 S Ct at 1482-1483; *People v McDonald*, 1 NY3d at 114-115; *People v Diallo*, 88 AD3d 1152, 1152-1153 [2011]). The fact that counsel, in advising defendant to accept the favorable plea deal, may have expressed his experience-based assessment of the *likelihood* that removal proceedings might or might not be initiated depending upon different factors was not misleading and did not undermine counsel's accurate preplea advisement to defendant that the drug sale plea offer is a removable offense for a noncitizen (*see People v Achouatte*, 91 AD3d at 1029). As defendant did not establish that he was deprived of meaningful representation or any other ground to vacate the judgment of conviction, County Court properly denied his CPL 440.10 motion.

Mercure, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed.

