■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PEDRO GALAN, Respondent. [983 NYS2d 317]—

Appeal by the People from an order of the Supreme Court, Queens County (Braun, J.), dated July 20, 2012, which, after a hearing, granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Browne, J.), rendered May 29, 1998, convicting him of attempted criminal

sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.10 to vacate the judgment is denied, and the judgment is reinstated.

On March 31, 1998, the defendant, a native of the Dominican Republic and a lawful permanent resident of the United States, pleaded guilty to attempted criminal sale of a controlled substance in the third degree. On May 29, 1998, he was sentenced to a five-year period of probation. Twelve years later, in June 2010, after the defendant was arrested on an unrelated charge, the Immigration and Customs Enforcement Unit of the United States Department of Homeland Security initiated removal proceedings against him on the ground that his 1998 conviction was a deportable offense. On October 5, 2010, the defendant moved to vacate the conviction on the ground that he was deprived of his right to the effective assistance of counsel under the state and federal constitutions, alleging, inter alia, that his attorney affirmatively misinformed him concerning the deportation consequences of his plea, and that had he been accurately advised, he would have rejected the plea and proceeded to trial. Following a hearing at which both the defendant and his trial counsel testified, the Supreme Court granted the defendant's motion.

The hearing court erred in granting the defendant's motion to vacate the judgment of conviction. "A criminal defendant is guaranteed the effective assistance of counsel under both the federal and the state constitutions" (*People v Bassi*, 111 AD3d 845, 845 [2013] [internal quotation marks omitted]; *see* US Const Amend VI; NY Const, art I, § 6; *People v Turner*, 5 NY3d 476, 479 [2005]). Generally, in order to prevail on a claim of ineffective assistance of counsel under the United States Constitution, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense" (*Strickland v Washington*, 466 US 668, 687, 688 [1984]; *see People v McDonald*, 1 NY3d 109, 113 [2003]). In the context of a plea of guilty, an attorney's affirmative misadvice regarding the removal consequences of the plea constitutes deficient performance (*see Padilla v Kentucky*, 559 US 356, 369 [2010]; *People v McDonald*, 1 NY3d at 114-115; *People v Picca*, 97 AD3d 170, 178 [2012]; *People v McKenzie*, 4 AD3d 437, 439 [2004]). To demonstrate prejudice, "the defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

trial' " (*People v Hernandez*, 22 NY3d 972, 975 [2013], quoting *Hill v Lockhart*, 474 US 52, 59 [1985]; *see Strickland v Washington*, 466 US at 694-695).

Under the New York Constitution, a defendant must show that he was not afforded "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]), which also entails a two-pronged test, "with the first prong identical to its federal counterpart" (*People v Georgiou*, 38 AD3d 155, 160-161 [2007]). The second prong contains a "prejudice component [which] focuses on the 'fairness of the process as a whole rather than its particular impact on the outcome of the case' " (*People v Caban*, 5 NY3d 143, 156 [2005], quoting *People v Benevento*, 91 NY2d 708, 714 [1998]) and, thus, is "somewhat more favorable to defendants" (*People v Turner*, 5 NY3d at 480; *see People v Caban*, 5 NY3d at 156). Counsel's representation must be "viewed in totality and as of the time of the representation" (*People v Baldi*, 54 NY2d at 147).

Here, the record does not support the hearing court's finding that the defendant's trial attorney provided him with affirmative misadvice by assuring him that he did not need to worry about the impact of the plea on his immigration status without informing him that the plea would render him eligible for deportation. The attorney testified that, in accordance with her general practice at the time, she would have advised the defendant that he would be subject to deportation as a result of his guilty plea to a drug-related offense. Significantly, on appeal, the defendant does not argue otherwise. The hearing court acknowledged that the defendant's testimony was contradictory in certain crucial respects while the defense attorney's testimony about her general practice was credible. The hearing court erred in concluding that the attorney's testimony of her general practice 12 years earlier, though credible, was insufficient to rebut the defendant's account of what was discussed (*see People v Glasgow*, 95 AD3d 1367, 1368-1369 [2012]; *People v Whitley*, 61 AD3d 423, 424-425 [2009]). The record demonstrates that the defendant was advised that removal was a possible consequence of his plea and he was not misinformed to the contrary. As such, the defendant failed to meet his burden to show that his attorney provided him with constitutionally deficient advice (*see People v Obeya*, 110 AD3d 1382, 1383 [2013]; *People v Glasgow*, 95 AD3d at 1369; *People v Argueta*, 46 AD3d 46, 51 [2007]; *cf. United States v Couto*, 311 F3d 179, 188 [2d Cir 2002], *cert denied* 544 US 1034 [2005]; *People v McDonald*, 1 NY3d 109, 115 [2003]). Consequently, he failed to establish that he was deprived of meaningful representation (*see People v Obeya*,

110 AD3d at 1383; *People v Glasgow*, 95 AD3d at 1369; *People v Argueta*, 46 AD3d at 51).

In any event, the defendant further failed to demonstrate that the circumstances of the case, including his incentive to remain in the United States, were such that there was a reasonable probability that, but for his attorney's allegedly deficient advice, he would have rejected the plea offer in favor of risking a sentence of up to 25 years in prison in the hope of being acquitted after trial (*see People v Soodoo*, 109 AD3d 1014, 1016 [2013]; *cf. People v Picca*, 97 AD3d at 184; *People v McKenzie*, 4 AD3d at 439-440). Likewise, the defendant failed to show that the alleged misadvice was "egregious and prejudicial" error such that it denied him meaningful representation (*People v Benevento*, 91 NY2d at 713; *see People v Caban*, 5 NY3d at 152).

Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. Dillon, J.P., Hall, Austin and Duffy, JJ., concur.