*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    106971
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

PATRICE RICKETTS-SIMPSON,
                    Appellant.
_____


Calendar Date:  June 3, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Rose, JJ.

                         _____


        Frederick Korkosz, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

                         _____


Peters, P.J.

        Appeal, by permission, from an order of the County Court of
Albany County (Herrick, J.), entered August 12, 2014, which
denied defendant's motion pursuant to CPL 440.10 to vacate a
judgment convicting her of the crime of rape in the third degree,
without a hearing.

        Defendant, a native of Jamaica with permanent residence
status in the United States, pleaded guilty to rape in the third
degree and was sentenced to 10 years of probation.  More than a
decade later, after deportation proceedings were initiated
against her based upon her rape conviction, defendant moved to
vacate the judgment of conviction pursuant to CPL 440.10.
Specifically, defendant claimed that she was denied the effective
assistance of counsel and that her plea was not knowing and

voluntary because her attorney did not inform her of the deportation consequences of her guilty plea – and in fact affirmatively misadvised her in that regard – and failed to investigate her mental health condition and possible defenses related thereto.  County Court denied the motion without a hearing, and defendant now appeals by permission.

County Court properly denied a hearing on that aspect of defendant's motion concerning counsel's failure to inquire into her competency and mental health issues.  In support of her claim that counsel was deficient in that regard, defendant submitted a psychological evaluation performed more than a decade after she entered the plea, in which a psychologist expressed her belief that defendant was not "fully able to meaningfully understand the consequences of her plea bargain" because she suffered from paranoid schizophrenia.  It is undisputed, however, that defendant had not yet been diagnosed at the time of the plea, and she does not claim that she disclosed her alleged mental health problems to counsel at any time prior thereto.  Nor is there anything in the record to suggest that defendant's ability to understand the proceedings was impaired or that defense counsel should have had any doubts concerning her capacity to enter a knowing and voluntary plea.  To the contrary, the plea minutes confirm that defendant actively participated in the colloquy, affirmatively acknowledged that she understood the nature of her rights and the consequences of her plea, answered the court's questions intelligently and demonstrated a clear and coherent recollection of the events surrounding the crime to which she was pleading.  Under these circumstances, counsel's failure to investigate or raise the issue of defendant's competency cannot constitute ineffective assistance (see People v Mack, 90 AD3d 1317, 1321-1322 [2011]; People v Jenks, 69 AD3d 1120, 1122 [2010], lv denied 14 NY3d 841 [2010]; People v Roberge, 293 AD2d 913, 915 [2002], lv denied 98 NY2d 680 [2002]).

Defendant's claim that counsel was ineffective for failing to advise her of the deportation consequences of her plea is grounded upon the rule enunciated in Padilla v Kentucky (559 US 356, 368-369 [2010]), which was decided after defendant's conviction became final and has no retroactive application to this appeal (see Chaidez v United States, ___ US ___, ___, 133 S

Ct 1103, 1105 [2013]; People v Baret, 23 NY3d 777, 782 [2014], cert denied ___ US ___, 135 S Ct 961 [2015]). However, defendant's distinct claim that counsel affirmatively misinformed her about the plea's deportation consequences is not dependent upon Padilla; rather, it rests upon established law at the time of her plea that defense counsel's affirmative misrepresentation to a noncitizen regarding the deportation consequences of a contemplated guilty plea constitutes deficient performance so as to satisfy the first prong of an ineffective assistance of counsel claim (see People v McDonald, 1 NY3d 109, 111 [2003]; People v Llibre, 125 AD3d 422, 423 [2015], lv granted 24 NY3d 1121 [2015]; People v Melo-Cordero, 123 AD3d 595, 595 [2014]; People v Diallo, 113 AD3d 199, 201 n 2 [2013]; People v Glasgow, 95 AD3d 1367, 1368 n 2 [2012], lv denied 20 NY3d 1061 [2013]).[1]

In her affidavit in support of the motion, defendant alleged that her counsel advised her that, although immigration authorities would be notified about her guilty plea, "he did not think anything further would happen." In fact, the crime of rape in the third degree constitutes an "aggravated felony" that results in mandatory deportation (see 8 USC § 1101 [a] [43] [a]; § 1227 [a] [2] [A] [iii]; § 1229b [a] [3]; see also People v Oouch, 97 AD3d 904, 905 [2012]). Defendant further averred that, had counsel informed her that she was certain to be deported as a result of her guilty plea, she would not have pleaded guilty and would have gone to trial. As defendant sufficiently alleged that counsel provided incorrect information concerning the deportation consequences that would result from her guilty plea and that she was prejudiced as a result thereof, she was entitled to a hearing

---

[1] A counsel's performance is deficient under the first prong of the test for evaluating claims of ineffective assistance of counsel when his or her representation falls below an objective standard of reasonableness (see Strickland v Washington, 466 US 668, 687-688 [1984]; People v Hernandez, 22 NY3d 972, 974-975 [2013], cert denied ___ US ___, 134 S Ct 1900 [2014]; People v McDonald, 1 NY3d at 113). The second prong requires a showing of a reasonable probability that the result of the proceeding would have been different but for counsel's errors (see id.).

on this aspect of her CPL 440.10 motion (see People v Diallo, 113 AD3d at 202; People v Reynoso, 88 AD3d 1162, 1163-1164 [2011]; People v Williams, 72 AD3d 1347, 1348 [2010]; People v Marshall, 66 AD3d 1115, 1116 [2009]; see also People v Martial, 125 AD3d 689, 690 [2015]).

McCarthy, Egan Jr. and Rose, JJ., concur.

ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court