OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, on the law, and the matter is remitted to the Criminal Court for a determination de novo, following a hearing, of defendant’s motion to vacate the judgment of conviction.
Defendant was charged with two counts of criminal sale of marihuana in the fourth degree (Penal Law § 221.40), two counts of criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]), and three counts of unlawful possession of marihuana (Penal Law § 221.05). The two counts of criminal sale of marihuana in the fourth degree were reduced to two counts of attempted criminal sale of marihuana in the fourth degree (Penal Law §§ 110.00, 221.40), and, on October 12, 2011, while represented by counsel, defendant pleaded guilty to one count of attempted criminal sale of marihuana in the fourth degree, in satisfaction of the entire accusatory instrument. On May 23, 2013, defendant moved, pursuant to CPL 440.10 (1) (h), to vacate the judgment of conviction on the *24 ground that he had been denied the effective assistance of counsel when his counsel had failed to advise him that his conviction would result in automatic deportation. In an order dated September 27, 2013, the Criminal Court denied defendant’s motion, without conducting a hearing, finding that defendant had failed to show that he was prejudiced by his counsel’s ineffectiveness. This court granted defendant leave to appeal from the order (see CPL 450.15 [1]). On appeal, defendant contends that the Criminal Court erred in denying his motion since he had demonstrated that his attorney’s performance at the plea proceeding fell below an objective standard of reasonableness and he was prejudiced thereby.
When a defendant seeks to challenge his or her guilty plea on the ground of ineffective assistance of counsel under the United States Constitution, he or she must meet the two-part standard set forth in Strickland v Washington (466 US 668, 688 [1984]; see People v McDonald, 1 NY3d 109, 113 [2003]; People v Picca, 97 AD3d 170 [2012]). Pursuant to Strickland, a “defendant must show that counsel’s performance was deficient . . . [and] that the deficient performance prejudiced the defense” (Strickland, 466 US at 687). The first prong of the Strickland test requires a showing that counsel’s representation fell below an objective standard of reasonableness (see id.; McDonald, 1 NY3d at 113). The second prong, also known as the prejudice prong, “focuses on whether counsel’s constitutionally ineffective performance affected the outcome of the plea process” (Hill v Lockhart, 474 US 52, 59 [1985]; see McDonald, 1 NY3d at 114). In order to satisfy the second prong, a “defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial” (Hill, 474 US at 59). Where a defendant’s complaint about counsel is predicated on a failure to advise of deportation consequences, which failure does not appear on the face of the record, the defendant must raise his claim via a CPL 440.10 motion, as he did here (see People v Peque, 22 NY3d 168, 202 [2013]; People v Denny, 95 NY2d 921, 923 [2000]). Moreover, when the deportation consequence is truly clear, the duty of a criminal defense attorney is to give correct advice as to whether the plea carries a risk of deportation (see Padilla v Kentucky, 559 US 356, 369 [2010]).
Here, defendant stated in his affidavit, which was submitted in support of his CPL 440.10 motion, that he did not know, and that the attorney who had represented him at the plea proceed *25 ing did not explain to him, that, by pleading guilty to attempted criminal sale of marihuana in the fourth degree, he would be facing mandatory deportation and an immigration court would not have any discretion to allow him to remain in the United States. An affidavit from the attorney who represented defendant at the plea proceeding was also submitted in support of defendant’s motion, in which he confirmed that he
“did not specifically inform [defendant] that as a result of pleading guilty to attempted criminal sale of marihuana in the fourth degree, an aggravated offense under the immigration law, his deportation from the United States would be mandatory and that he would be ineligible for discretionary cancellation of removal, and that as a person convicted of such an offense, he would not be able to petition for a return to the United States.”
The People do not dispute that the deportation consequence of defendant’s guilty plea was clear in that it exposed defendant to mandatory removal from the United States (see 8 USC § 1227 [a] [2] [B] [i]; 21 USC § 812 [c] [Schedule I] [c] [10]). Consequently, defendant met the first prong of the Strickland test by establishing that his attorney’s representation fell below an objective standard of reasonableness since he admitted that he had failed to advise defendant as to whether the plea carried a risk of deportation (see Padilla, 559 US 356; Picca, 97 AD3d at 179-180).
With regard to the second prong of the Strickland test, an evaluation of whether an individual in defendant’s position could rationally reject a plea offer and proceed to trial must take into account the particular circumstances surrounding his desire to remain in the United States, such as the defendant’s ties to the United States (see Picca, 97 AD3d at 183-184). When determining whether a defendant has shown that prejudice resulted, those particular circumstances must then be weighed along with other relevant factors, such as the favor ability of the plea, the strength of the People’s case against the defendant, the potential sentence, and the effect of prior convictions (see Peque, 22 NY3d at 199; Picca, 97 AD3d at 184).
Here, defendant alleged in his affidavit in support of his motion to vacate the judgment of conviction that, had he known that, by pleading guilty to this crime, deportation would be mandatory, he would not have done so and instead he would have insisted on going to trial, thereby taking the risk of going to jail. Additionally, the attorney who submitted the motion on *26 defendant’s behalf stated in an affirmation in support that, prior to taking his plea, defendant’s ties to his native country had been greatly reduced since many members of his immediate and extended family have moved to the United States. Additionally, counsel noted that, at the time of the plea, defendant lived with his girlfriend and had become very close with her daughter. In opposition, the People argued that the motion should be denied or, alternatively, that the court should order a hearing prior to making a determination on the motion.
The Criminal Court decided that defendant’s motion could be conclusively resolved without a hearing on the second Strickland ground of prejudice, finding that defendant had failed to assert that, but for this plea, he would have any basis on which to remain in this country, to resist removal, or to seek any relief from an immigration court since, subsequent to the entry of his plea, a removal proceeding had been commenced against him based on the expiration of his visa. The court held that defendant was not prejudiced by counsel’s performance because the ground for his removal from the United States, as alleged in the immigration court’s notice to appear, was unrelated to the instant conviction and because he did not demonstrate that, had he been advised of the mandatory deportation consequences of taking the plea, he would have chosen to go to trial since “[b]y going to trial he would have risked jail for no potential benefit to his status in this country.”
The Appellate Division, Second Department, has made it clear that the fact that a defendant had previously been convicted of a removable offense does not necessarily require a finding that he was not prejudiced by his counsel’s failure to advise him of the removal consequences of his plea (see Picca, 97 AD3d at 183). Similarly, here, the fact that defendant’s visa had expired before he entered into his guilty plea, thereby rendering him deportable, does not necessarily require a finding that he was not prejudiced by virtue of the mandatory deportation consequences of the instant plea, particularly since, without the instant conviction, he may have qualified for certain discretionary relief, such as cancellation of his removal from the United States or an adjustment of his immigration status (see 8 USC § 1229b; Padilla, 559 US at 363-364). Furthermore, the record demonstrates that, although defendant’s visa had expired before he entered into his guilty plea, the notice to appear in the removal proceeding was dated more than a year after defendant took his plea. Thus, as in Picea, *27 defendant’s removal from the United States was not imminent at the time he took his plea (see Picca, 97 AD3d at 185).
In any event, defendant’s expired visa was merely one factor to consider in his determination of whether to plead guilty, which the Appellate Division has considered to be “a calculus, which takes into account all of the relevant circumstances” {Picea, 97 AD3d at 183). Consequently, we cannot conclude on this record alone that defendant suffered no prejudice due to his counsel’s failure to warn him of the immigration consequences that flowed from his decision to plead guilty (see People v Reynoso, 88 AD3d 1162 [2011]; People v Williams, 72 AD3d 1347 [2010]). Moreover, since defendant demonstrated that issues of fact exist as to whether it would have been a rational decision for him to have rejected the plea offer, and there were other factors for the court to consider when determining whether prejudice had resulted (see Peque, 22 NY3d at 199; Picca, 97 AD3d at 184), in order for the Criminal Court to make the required “findings of fact essential to the determination” of the motion (CPL 440.30 [5]), a hearing is necessary, as a proper determination of the motion called for factual findings which could not be summarily made (see CPL 440.30 [5]; Reynoso, 88 AD3d 1162; Williams, 72 AD3d 1347; People v Wilson, 48 Misc 3d 129[A], 2015 NY Slip Op 50976[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Hassan, 36 Misc 3d 160[A], 2012 NY Slip Op 51823[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the order is reversed and the matter is remitted to the Criminal Court for a determination de novo, following a hearing, of defendant’s motion to vacate the judgment of conviction.
Weston, J.P., Aliotta and Elliot, JJ., concur.