The People of the State of New York, Respondent,
against
Gershman Geohaghan, Appellant. 

Robert DiDio, for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott and Kathryn E. Mullen of counsel), for respondent.

Appeal, by permission, from an order of the Criminal Court of the City of New York, Queens County (John F. Zoll, J.), dated January 26, 2018. The order denied, without a hearing, defendant's motion, pursuant to CPL 440.10, to vacate a judgment convicting him, upon his plea of guilty, of criminal sale of marihuana in the fourth degree.
ORDERED that the order is reversed, on the law, and the matter is remitted to the Criminal Court for a new determination, following a hearing, of defendant's motion to vacate the judgment of conviction.
In 2004, defendant was convicted, upon his plea of guilty, of criminal sale of marihuana in the fourth degree (Penal Law § 221.40). In August of 2017, defendant moved, pursuant to CPL 440.10 (1) (h), to vacate the judgment of conviction on the ground that, at the 2004 plea proceeding, his assigned attorney had misadvised him about the resulting immigration consequences of his plea. The People opposed the motion, contending that it should be denied since defendant had failed to meet his burden of establishing that his counsel's representation fell below an objective standard of reasonableness, or that he had been prejudiced thereby, because defendant's self-serving affidavit was the sole source supporting his claim of ineffective [*2]assistance of counsel and because he failed to demonstrate that the conviction had rendered him automatically deportable. In an order entered January 26, 2018, the Criminal Court, without a hearing, denied defendant's motion.
We find that defendant's claim of ineffective assistance of counsel is sufficient to constitute a legal basis for the relief requested under both the United States and New York State constitutions (see US Const Amend VI; NY Const, art I, § 6) and that his motion papers were properly supported by sworn allegations of fact (see CPL 440.10 [1] [h]; 440.30 [4] [a], [b]; People v McDonald, 1 NY3d 109, 114-115 [2003]; People v McKenzie, 4 AD3d 437 [2004]; People v Bueso, 66 Misc 3d 143[A], 2020 NY Slip Op 50170[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Wilson, 56 Misc 3d 22 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Since the People did not refute defendant's allegations of fact with unquestionable documentary proof (see CPL 440.30 [4] [c]), and it cannot be said that "there is no reasonable possibility that such allegation[s] [are] true" (CPL 440.30 [4] [d]; see People v Malik, 166 AD3d 650 [2018]), in order for the court to have made the required "findings of fact essential to the determination" of the motion (CPL 440.30 [5]), a hearing was necessary (see McDonald, 1 NY3d at 114-115; People v Gonzalez, 176 AD3d 589 [2019]; People v Gaston, 163 AD3d 442 [2018]; McKenzie, 4 AD3d 437; Wilson, 56 Misc 3d 22; People v Hassan, 36 Misc 3d 160[A], 2012 NY Slip Op 51823[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). 
Accordingly, the order is reversed and the matter is remitted to the Criminal Court for a new determination, following a hearing, of defendant's motion to vacate the judgment of conviction.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 29, 2020