■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WHITE, Appellant. [889 NYS2d 236]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Walsh, J.), rendered March 23, 2007, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

A plea of guilty is valid only if it is entered knowingly, voluntarily, and intelligently (*see People v Nixon*, 21 NY2d 338 [1967], *cert denied sub nom. Robinson v New York*, 393 US 1067 [1969]). A defendant who has not received the effective assistance of counsel in deciding to plead guilty cannot be bound by his plea, since such a plea is not a knowing and intelligent act (*see Hill v Lockhart*, 474 US 52, 56-59 [1985]; *Sparks v Sowders*, 852 F2d 882, 884 [1988]). In the context of a plea of guilty, a defendant has been afforded the effective assistance of counsel when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]).

Here, the record shows that, when the defendant entered a plea of guilty to criminal possession of a controlled substance in the fifth degree, he had been erroneously advised by counsel that the plea would not result in an automatic revocation of his parole.

Whether a defendant's parole will be revoked as a result of a plea of guilty is considered a collateral consequence of the plea. Here, the attorney made affirmative misstatements to the defendant about the collateral consequences of his plea. Such erroneous advice may support a claim of ineffective assistance of counsel, provided that the defendant can show that, but for the erroneous advice, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial (*see People v McDonald*, 1 NY3d 109, 114-115 [2003]).

That the defendant considered parole an important factor in determining whether to accept an offer by the prosecution is apparent from the record developed in connection with his motion to withdraw his plea. The importance of the consideration is established not only by the prosecutor's awareness of the defendant's parole concerns at the plea proceeding, but also by the multiple assurances that the defendant received in letters from his attorney prior to taking the plea that his parole would

not be revoked. But for counsel's error, it is unlikely that the defendant would have pleaded guilty.

Since, as the People correctly concede, the defendant did not receive the effective assistance of counsel in deciding to plead guilty, the defendant's plea must be vacated. Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.