■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIO MARINO-AFFAITATI, Appellant. [930 NYS2d 485]—

On September 16, 2008, the defendant pleaded guilty to conspiracy in the fourth degree for making arrangements with another person, a confidential informant, to injure the defendant's wife and render her disabled. On October 21, 2008, the defendant was sentenced to an indeterminate term of 1 to 3 years of incarceration. On August 18, 2009, the defendant moved to withdraw the plea and vacate the judgment of conviction on the grounds that the plea was not knowingly, voluntarily, and intelligently made; that his plea allocution was insufficient; that he had a potentially meritorious entrapment defense; and that counsel was ineffective for failing to advise him that he would be subject to deportation. A hearing was held on the ineffective assistance of counsel claim. The County Court found at the conclusion of the hearing, inter alia, that the defendant's counsel had discussed the possible immigration-related consequences of a plea of guilty with the defendant prior to the entry of the plea, and rejected the defendant's hearing testimony that he had been assured by his counsel that he would not be deported. The defendant's motion was therefore denied.

On May 6, 2010, after the United States Supreme Court rendered its decision in *Padilla v Kentucky* (559 US —, 130 S Ct 1473 [2010]), the defendant moved to renew his motion to withdraw his plea of guilty and vacate the judgment of conviction on the ground that *Padilla* represented a change in the law. In *Padilla*, the United States Supreme Court held that where the deportation consequences of a plea of guilty are clear, defense counsel must provide accurate immigration advice, and where the deportation consequences are unclear or uncertain, defense counsel need do no more than advise the defendant that the plea could have adverse immigration consequences (*id.* at 1483). In his renewal motion, the defendant argued that the deportation consequences of his plea were clear and that his attorney's failure to advise him that he would be deported constituted ineffectiveness of counsel.

In an order dated May 19, 2010, the County Court determined that the rule set forth in *Padilla* was "old law" that did not represent a clear break from prior precedent and that *Padilla* should, therefore, be applied retroactively. In doing so, the County Court concluded, upon renewal, that defense counsel had been ineffective in failing to inform the defendant of the

deportation consequences of his plea, and on that basis, granted the defendant's motion to withdraw his plea and vacate his judgment of conviction. We reverse.

We need not address here whether *Padilla* does or does not have retroactive application. Under the facts of this case, it was never clear that the defendant's plea to conspiracy in the fourth degree subjected him to mandatory deportation. Indeed, the defendant had argued to the Board of Immigration Appeals of the United States Department of Justice (hereinafter the Immigration Board) that his conviction did not subject him to deportation, as his plea allocution did not include the elements of the underlying aggravated felony of assault in the first degree required for a deportable crime of violence under Immigration and Nationality Act § 1101 (a) (43) (F) and (U) (8 USC § 1101 [a] [43] [F], [U]). In other words, the defendant argued that since he had not been convicted of any particular conspiracy, he could not be deported for having conspired to commit a crime of violence. The Immigration Board, only after examining the conviction record, determined that the underlying circumstances of the defendant's conspiracy conviction constituted an aggravated felony under the statute. Since the deportation consequences of the plea of guilty could not be determined from a simple reading of the text of the statute, they were not succinct, clear, and explicit so as to implicate the *Padilla* rule. Accordingly, defense counsel's advice that the defendant's plea might carry a risk of deportation, as determined by the County Court after a hearing, was not ineffective and afforded no basis for vacating the defendant's plea and sentence. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.