■ The People of the State of New York, Respondent, v Francisco Melo-Cordero, Appellant. [999 NYS2d 42]—

Order, Supreme Court, Bronx County (John W. Carter, J.), entered on or about December 6, 2013, which denied defendant's CPL 440.10 motion to vacate his judgment of conviction, unanimously affirmed.

Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Ford, 86 NY2d 397, 404 [1995]; see also Strickland v Washington, 466 US 668 [1984]), and the court properly exercised its discretion in denying defendant's CPL 440.10 motion without holding a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]; People v Satterfield, 66 NY2d 796, 799-800 [1985]). Contrary to defendant's contentions on appeal, the court did not evaluate his ineffective assistance claim under an incorrect legal standard. The denial of the motion was not exclusively based on the nonretroactivity of Padilla v Kentucky (559 US 356 [2010]). Rather, the court addressed defendant's distinct claim that his former counsel gave him inaccurate advice about the immigration consequences of his plea, a claim that does not depend on Padilla, and the court evaluated this claim under the proper standards (see People v McDonald, 1 NY3d 109, 114-115 [2003]).

The record supports the court's finding that defendant failed to show that his counsel's performance "fell below an objective standard of reasonableness" (McDonald, 1 NY3d at 113). Defendant's submissions did not provide adequate support for his allegation that counsel inaccurately advised him as to the consequences of his guilty plea. In particular, defendant did not provide an affirmation or other information from his counsel, and defendant's own affidavit described his counsel's advice in terms of what supposedly "could" happen regarding deportation if defendant accepted the People's plea offer. We conclude that defendant's submissions did not establish that counsel provided immigration advice that was actually erroneous (see People v Simpson, 120 AD3d 412 [1st Dept 2014]).

Defendant also failed to satisfy the requirement of prejudice. In light of the strength of the People's case, the length of the possible sentence that he faced and the near certain deportation consequences that would have resulted from his conviction after

trial, the court properly determined that defendant had not established the necessity of a hearing on his CPL 440.10 motion based solely on the otherwise unsupported assertion made in his affidavit that but for his attorney's allegedly incorrect advice, he would not have pleaded guilty and would have proceeded to trial (*see* CPL 440.30 [4] [d]; *see also People v Hernandez*, 22 NY3d 972, 975-976 [2013]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Manzanet-Daniels, Feinman and Gische, JJ.