■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORANE WEST, Appellant. [55 NYS3d 77]—

Appeal by the defendant, by permission, from an order of the County Court, Orange County (DeRosa, J.), dated July 29, 2015, which denied, without a hearing, his motion pursuant to CPL 440.10, in effect, to vacate a judgment of the same court rendered March 28, 2014, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

On or about August 12, 2013, the defendant, a lawful permanent resident who immigrated from Jamaica in 2001, was indicted and charged with burglary in the second degree, sexual abuse in the first degree, and harassment in the second degree. Pursuant to a plea agreement, after admitting that he touched the breast of a woman who was sleeping, the defendant entered a plea of guilty to sexual abuse in the first degree pursuant to Penal Law § 130.65 (2) in exchange for a promised sentence of 2 years' incarceration and 10 years' postrelease supervision.

Thereafter, the defendant moved to vacate his conviction pursuant to CPL 440.10, contending that he was denied effective assistance of counsel due to counsel's failure to advise him that his plea would trigger mandatory deportation. In an order dated July 29, 2015, the County Court, Orange County (DeRosa, J.), denied the defendant's motion without a hearing. In a decision and order dated March 17, 2016, this Court granted the defendant's application for leave to appeal from the order.

The defendant's affidavit submitted in support of his motion does not support his contention that his attorney misadvised him about the immigration consequences of his plea (*see People v Melo-Cordero*, 123 AD3d 595, 595 [2014]; *People v Galan*, 116 AD3d 787, 788 [2014]). To the contrary, the record as a whole indicates that defense counsel and the County Court both advised the defendant that there could be immigration consequences to his plea (*see People v Feliz-Lopez*, 147 AD3d 871 [2017]; *see also People v Joseph*, 142 AD3d 627, 628 [2016]). The fact that the defendant was not advised that his plea would result in mandatory deportation did not, under the circum-

stances of this case, render counsel ineffective (*see People v Dealmeida*, 124 AD3d 1405, 1406 [2015]; *People v Melo-Cordero*, 123 AD3d at 595; *People v Galan*, 116 AD3d at 788; *People v Argueta*, 46 AD3d 46, 51 [2007]). Here, the element of lack of consent to sexual contact in subdivision (2) of Penal Law § 130.65 to which the defendant entered a plea of guilty was based on the fact that the defendant admitted that the victim was asleep. Since there is an issue as to whether the crime constitutes a "crime of violence" (8 USC § 1101 [a] [43] [F]; 18 USC § 16 [b]) under federal law that would qualify as an "aggravated felony" (8 USC § 1101 [a] [43] [F]) and subject the defendant to mandatory deportation (*see Flores v Holder*, 779 F3d 159, 166-167 [2d Cir 2015]), counsel's advice to the defendant, reiterated by the court, that the defendant could be subject to deportation, rather than that he would be deported, was not error (*see People v Marino-Affaitati*, 88 AD3d 742, 744 [2011]).

In light of our determination that defense counsel's advice was not error, we need not reach the defendant's contention that a decision to reject the plea would have been rational under the circumstances (*see Padilla v Kentucky*, 559 US 356, 372 [2010]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.