Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Blumenfeld, J.), dated August 21, 2015, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered March 21, 2013, convicting him of grand larceny in the second degree, upon his plea of guilty, and imposing sentence.
 

 Ordered that the order is reversed, on the law, the defendant’s motion to vacate the judgment is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.
 

 The defendant, a citizen of Barbados, pleaded guilty to grand larceny in the second degree in exchange for a sentence of six months’ incarceration, concurrent with five years of probation. The Supreme Court subsequently imposed sentence on March 21, 2013, in accordance with the terms of the plea agreement. The defendant did not take a direct appeal from the judgment, and his time to do so has expired. In April 2014, the United States Department of Homeland Security, Department of Immigration and Customs Enforcement, commenced removal proceedings to deport the defendant to Barbados, and he was placed in detention at the Hudson County jail in New Jersey.
 

 Thereafter, the defendant moved pursuant to CPL 440.10 (1) (h) to vacate the judgment of conviction, alleging that defense counsel affirmatively misrepresented the immigration consequences of his plea of guilty. In support of the motion, the defendant submitted an affidavit in which he stated that defense counsel advised him that a plea of guilty to grand larceny in the second degree would not affect his right to request cancellation of removal, and that had he known he would not be allowed to apply for cancellation of removal, he would not have pleaded guilty. The defendant also submitted defense counsel’s affirmation in which he stated that he had consulted with an attorney with the Immigration Defense Project, who informed him that the defendant would be eligible to apply for and receive a cancellation of removal. Defense counsel further stated that, prior to the defendant’s plea, he informed the defendant that, based on his conversation with that attorney, the defendant could apply for cancellation of removal. At a hearing on the motion, the defendant and defense counsel gave testimony consistent with their affidavit and affirmation, respectively. The Supreme Court denied the defendant’s motion, determining that he failed to establish either that counsel’s performance fell below an objective standard of reasonableness or that he was prejudiced by the admittedly incorrect advice. A Justice of this Court granted leave to appeal.
 

 A defendant has the right to the effective assistance of counsel before deciding whether to plead guilty (see US Const 6th Amend; NY Const, art I, § 6; Padilla v Kentucky, 559 US 356, 364 [2010]; People v Baldi, 54 NY2d 137, 146 [1981]). To prevail on a claim of ineffective assistance under the Federal Constitution, a defendant “must show that counsel’s representation fell below an objective standard of reasonableness” and “that the deficient performance prejudiced the defense” (Strickland v Washington, 466 US 668, 687-688 [1984]). In the plea context, “the defendant must show that there is a reasonable probability that, but for counsel’s errors, he [or she] would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different” (People v Parson, 27 NY3d 1107, 1108 [2016] [internal quotation marks omitted]; see Hill v Lockhart, 474 US 52, 59 [1985]; People v Hernandez, 22 NY3d 972, 975 [2013]). Under the New York Constitution, a defendant must show that he or she was not afforded “meaningful representation” (People v Baldi, 54 NY2d at 147), which also entails a two-pronged test. The first prong is identical to its federal counterpart (see People v Golan, 116 AD3d 787, 789 [2014]). The second prong contains a “prejudice component [which] focuses on the ‘fairness of the process as a whole rather than its particular impact on the outcome of the case’ ” (People v Caban, 5 NY3d 143, 156 [2005], quoting People v Benevento, 91 NY2d 708, 714 [1998]).
 

 In Padilla v Kentucky (559 US at 356), the United States Supreme Court determined that, due to the unique nature of deportation, criminal defense counsel has a duty to inform a defendant whether a plea of guilty carries a risk of deportation. Where the deportation consequences of a particular plea are unclear or uncertain, because the law “is not succinct and straightforward ... a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences” (id. at 369; see People v West, 150 AD3d 901 [2017]; People v Marino-Affaitati, 88 AD3d 742, 744 [2011]). However, where the terms of the relevant immigration statute are “succinct, clear, and explicit” in defining the removal consequences of the conviction, and counsel could have “easily determined [them] . . . simply from reading the text of the statute,” counsel has a “duty to give correct advice” as to the immigration consequences of the plea (Padilla v Kentucky, 559 US at 368-369). Thus, where an attorney fails to advise a criminal defendant, or misadvises the defendant, regarding clear removal consequences of a plea of guilty, the representation falls below an objective standard of reasonableness (id.; see People v Picea, 97 AD3d 170, 178 [2012]; see also People v McDonald, 1 NY3d 109, 115 [2003]; People v Roberts, 143 AD3d 843, 844-845 [2016]).
 

 Here, defense counsel incorrectly advised the defendant that his plea of guilty to grand larceny in the second degree would preserve his eligibility to apply for a cancellation of removal, when, in fact, his conviction constituted an aggravated felony, rendering him mandatorily deportable and ineligible for cancellation of removal (see 8 USC §§ 1227 [a] [2] [A] [iii]; 1229b [a] [3]; 1101 [a] [43] [M] [i]; Penal Law § 155.40 [1]). Courts have recognized the significance to a defendant, in pleading guilty, of a possibility of discretionary relief from removal (see Padilla v Kentucky, 559 US at 368; INS v St. Cyr, 533 US 289, 323-324 [2001]; People v Picca, 97 AD3d at 181). The lack of such a possibility here was “succinct, clear, and explicit” and could have been determined simply from reading the text of the statute (Padilla v Kentucky, 559 US at 368). Thus, counsel had a duty to give correct advice as to the immigration consequences of the plea (see id. at 369; United States v Swaby, 855 F3d 233, 236-237 [4th Cir 2017]). Counsel failed to do so, instead misadvising the defendant that there was a possibility of receiving a cancellation of removal. Accordingly, contrary to the Supreme Court’s determination, the defendant established that counsel’s performance fell below an objective standard of reasonableness under Strickland (see Padilla v Kentucky, 559 US at 368-369; People v McDonald, 1 NY3d at 115; People v Roberts, 143 AD3d at 845; People v Moore, 141 AD3d 604 [2016]; United States v Swaby, 855 F3d at 240 [4th Cir 2017]).
 

 Contrary to the Supreme Court’s further determination, the defendant also established that he was prejudiced by the court’s error, in that there was a reasonable probability that the defendant could have negotiated a plea agreement that did not affect his immigration status or at least preserved his eligibility for cancellation of removal (see United States v Swaby, 855 F3d at 241 [4th Cir 2017]; United States v Rodriguez-Vega, 797 F3d 781, 788-789 [9th Cir 2015]; Kovacs v United States, 744 F3d 44, 52-53 [2d Cir 2014]). In determining that the prosecutor would not have accepted a plea other than to grand larceny in the second degree, the court improperly relied exclusively on the prosecutor’s testimony at the hearing that it would have been her “preference” to offer only a plea to grand larceny in the second degree. However, defense counsel admittedly did not pursue a plea to criminal possession of stolen property in the second degree with the same sentence, which was charged in the indictment and would not have carried any immigration consequences to the defendant (see 8 USC § 1227 [a] [2] [A] [i]) because he did not know that there was any difference in the immigration consequences which would flow from that conviction as opposed to a conviction on the grand larceny charge. The prosecutor also testified that she was unconcerned about the immigration consequences associated with the plea, and she agreed to a disposition which she incorrectly believed permitted the possibility of cancellation of removal.
 

 “ ‘In light of the primary importance that aliens may place upon avoiding exile from this country,’ in assessing prejudice under the second prong of the Strickland test, the court must weigh not only the strength of the People’s evidence and the potential sentence a defendant faces if convicted after trial, but also, ‘the particular circumstances informing the defendant’s desire to remain in the United States’ ” (People v Roberts, 143 AD3d at 845, quoting People v Picca, 97 AD3d at 183-184). Here, although the People asserted that the evidence against the defendant was strong, and the defendant faced a lengthy aggregate sentence should his attempts at negotiation of a different plea agreement have failed, the defendant was focused on the immigration consequences of his plea and had a large incentive to negotiate a plea agreement that did not affect his immigration status or that at least preserved his eligibility for cancellation of removal, such as pleas of guilty to both counts of criminal possession of stolen property in the second degree charged against him in the indictment (see People v Picca, 97 AD3d at 183-184). The defendant was 62 years old with health issues and had been in the country for 25 years. He had been married to a United States citizen for over 20 years, who suffered from multiple sclerosis, and had two children who are citizens of the United States.
 

 “A reasonable probability is a probability sufficient to undermine confidence in the outcome” (Strickland v Washington, 466 US at 694; see Hinton v Alabama, 571 US —, —, 134 S Ct 1081, 1089 [2014]). Given the circumstances here, including the defendant’s focus on the immigration consequences of his plea, his large incentive to negotiate a plea which did not render him mandatorily deportable without eligibility for relief, the possibility of offering the People such a plea with the same sentence or even a longer aggregate sentence, and the fact that the prosecutor was unconcerned with the immigration consequences of the plea, the defendant established a reasonable probability that he could have negotiated a plea agreement that did not impose mandatory deportation without eligibility for relief (see Kovacs v United States, 744 F3d at 53; People v Picca, 97 AD3d at 183-184). Thus, the defendant established the requisite prejudice from counsel’s misadvice under Strickland, and further that counsel’s error was “egregious and prejudicial” such that it denied him meaningful representation under the New York Constitution (People v Benevento, 91 NY2d at 713 [internal quotation marks omitted]).
 

 Accordingly, the defendant’s motion pursuant to CPL 440.10 (1) (h) to vacate the judgment should have been granted. Since vacatur of the judgment under these circumstances necessarily includes vacatur of the defendant’s plea, we remit the matter to the Supreme Court, Queens County, for further proceedings on the indictment.
 

 Hall, J.P., Roman, Cohen and Barros, JJ., concur.