People v Lovell (2020 NY Slip Op 07095)





People v Lovell


2020 NY Slip Op 07095


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2019-14333
 (Ind. No. 6242/16)

[*1]The People of the State of New York, respondent,
v
Shaquille Lovell, appellant.


Labe M. Richman, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort,
and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), dated November 13, 2019, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Elizabeth A. Foley, J.) rendered June 12, 2017, convicting him of criminal possession of marihuana in the second degree and criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the order is affirmed.
In 2016, a grand jury indicted the defendant, a citizen of Trinidad and Tobago and lawful permanent resident of the United States, on various drug and weapon possession charges. On April 18, 2017, the defendant pleaded guilty to criminal possession of marihuana in the second degree and criminal possession of a firearm in satisfaction of the indictment. On June 12, 2017, in accordance with the plea agreement, the Supreme Court sentenced the defendant on those two counts to concurrent five-year periods of probation. In or around May of 2019, United States Immigration and Customs Enforcement initiated a removal proceeding against the defendant on the ground that his conviction of criminal possession of marihuana in the second degree was a deportable offense.
By notice of motion dated July 19, 2019, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction, contending that he was denied the effective assistance of counsel by his attorney's alleged failure to advise him of the clear and succinct immigration consequences of his plea and/or to negotiate a better plea agreement in terms of immigration consequences. The Supreme Court denied the motion without conducting a hearing. A Justice of this Court granted the defendant leave to appeal.
A defendant has the right to the effective assistance of counsel, guaranteed under both the federal and state constitutions (US Const Amend VI; NY Const, art I, § 6; see People v Baldi, 54 NY2d 137, 146). A defendant is entitled to such effective assistance of counsel, before deciding whether to plead guilty (see Padilla v Kentucky, 559 US 356, 364; People v Facey, 180 AD3d 927, 928).
To prevail on a claim of ineffective assistance of counsel under the federal [*2]constitution, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense" (Strickland v Washington, 466 US 668, 688). With regard to the first prong, in the context of a plea of guilty, an attorney's failure to advise a criminal defendant, or affirmative misadvice to the defendant, regarding the clear removal consequences of the plea constitutes deficient performance (see Padilla v Kentucky, 559 US at 369; People v Abdallah, 153 AD3d 1424, 1425). Under the New York constitution, a defendant must demonstrate that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d at 147), which also entails a two-pronged test. The first prong is the same as its federal counterpart (see People v Facey, 180 AD3d at 928).
Here, contrary to the defendant's allegation that defense counsel told him only that pleading guilty might have an effect on his immigration status, it is clear from the record that defense counsel informed him that pleading guilty will have an effect on his immigration status (see People v Rodriguez, 136 AD3d 1066, 1066; cf. People v Loaiza, 158 AD3d 775, 776; People v Abdallah, 153 AD3d at 1426-1427). While the defendant also alleged that defense counsel failed to inform him that pleading guilty to criminal possession of marihuana in the second degree would make him "inadmissible" under 8 USC § 1182 (i.e., ineligible to receive visas and ineligible to be admitted to the United States), inadmissibility is not a direct or deportation consequence of pleading guilty (see Padilla v Kentucky, 559 US at 366; see also Garcia v United States, 2012 US Dist. LEXIS 158506, *14 [N.D. Cal. Nov. 5, 2012; No. CR 97-022-MEJ]). Notably, the defendant did not allege that his attorney made any affirmative misrepresentations with regard to inadmissibility (see generally People v White, 67 AD3d 933, 934; cf. People v Lantigua, 184 AD3d 80). For this same reason, there is no merit to the defendant's claim in the alternative that counsel was ineffective for not attempting to negotiate a plea deal that would have required him to plead guilty only to criminal possession of a firearm, even with a harsher sentence, so as to avoid inadmissibility (cf. People v Guzman, 150 AD3d 1259, 1259-1260).
Accordingly, the defendant failed to sufficiently demonstrate that his attorney's performance fell below an objective standard of reasonableness. As such, the Supreme Court properly denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction without conducting a hearing.
In light of the foregoing, we need not reach the defendant's arguments regarding the issue of prejudice.
RIVERA, J.P., AUSTIN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court