People v Saunders (2021 NY Slip Op 02181)





People v Saunders


2021 NY Slip Op 02181


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-11305
 (Ind. No. 1/16)

[*1]The People of the State of New York, appellant,
v
Dwight A. Saunders, respondent.


Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Kevin C. King of counsel), for appellant.
Craig Relles, White Plains, NY (Joseph Z. Amsel of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Nassau County (Robert G. Bogle, J.), entered August 21, 2019. The order, after a hearing, granted the defendant's motion pursuant to CPL 440.10(1)(h) to vacate a judgment of the same court rendered September 15, 2016, convicting him of criminal contempt in the second degree, upon a plea of guilty, and imposing sentence, on the ground of ineffective assistance of counsel.
ORDERED that the order is affirmed.
The defendant is a citizen of Jamaica and lawful permanent resident of the United States. In September 2016, the defendant pleaded guilty to criminal contempt in the second degree under a Nassau County indictment charging him, inter alia, with assault in the second degree and aggravated criminal contempt, involving an alleged assault on the mother of the defendant's five children, and sentence was imposed. During the pendency of the criminal action, the defendant was placed in removal proceedings by the Department of Homeland Security (hereinafter DHS), based on his prior convictions of attempted assault in the third degree and petit larceny. In April 2017, an immigration judge ordered the defendant removed from the United States. Thereafter, upon a determination that the defendant's conviction of petit larceny did not render the defendant deportable, the order of removal was vacated and, in May 2018, the DHS lodged additional charges of removability against the defendant based on his conviction of criminal contempt in the second degree.
In January 2019, the defendant moved pursuant to CPL 440.10(1)(h) to vacate the judgment convicting him of criminal contempt in the second degree on the ground of ineffective assistance of counsel, alleging that defense counsel had incorrectly informed him that such conviction would not affect his immigration status. Shortly thereafter, in February 2019, the immigration court again ordered the defendant deported, in consideration of the renewed charges of deportability stemming from the conviction of criminal contempt in the second degree. The People opposed the defendant's motion to vacate the judgment of conviction. The Supreme Court ordered a hearing, at which defense counsel and the defendant's former immigration counsel testified on his behalf. Following the hearing, the court granted the defendant's motion and vacated the conviction. [*2]The People appeal.
A defendant has the right to the effective assistance of counsel before deciding whether to plead guilty (see US Const 6th Amend; NY Const, art 1, § 6; Padilla v Kentucky, 559 US 356, 364; Strickland v Washington, 466 US 668; People v Baldi, 54 NY2d 137; People v Abdallah, 153 AD3d 1424, 1425; People v Picca, 97 AD3d 170, 176-177). To prevail on a claim that a defendant was deprived of the right to the effective assistance of counsel under the United States Constitution prior to deciding whether to plead guilty, he or she must meet the two-part standard set forth in Strickland v Washington (466 US at 688; see People v McDonald, 1 NY3d 109, 113). First, the defendant "must show that counsel's representation fell below an objective standard of reasonableness" (Strickland v Washington, 466 US at 688; see People v McDonald, 1 NY3d at 113). The second prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process" (Hill v Lockhart, 474 US 52, 59; see People v McDonald, 1 NY3d at 114; People v Picca, 97 AD3d at 177). Under the New York Constitution, a defendant must show that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d at 147). This analysis involves a two-prong test, the first prong being identical to its federal counterpart (see People v Galan, 116 AD3d 787, 789). The second prong focuses on prejudice to the defendant, regarding the "fairness of the process as a whole rather than its particular impact on the outcome of the case" (People v Caban, 5 NY3d 143, 156 [internal quotation marks omitted]; see People v Abdallah, 153 AD3d at 1425-1426).
Here, the defendant's plea to criminal contempt in the second degree rendered him deportable under section 237(a)(2)(E)(ii) of the Immigration and Nationality Act (8 USC § 1227[a][2][E][ii]), which provides that "[a]ny alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued is deportable." The People correctly concede that the evidence at the hearing established that defense counsel affirmatively misadvised the defendant that a plea to criminal contempt in the second degree would not render him deportable, and that such misadvice "fell below an objective standard of reasonableness" (Strickland v Washington, 466 US at 688). However, the People contend that the defendant failed to meet his burden pursuant to CPL 440.30(6) of establishing, by a preponderance of the evidence, the facts essential to his claim that he was prejudiced by plea counsel's inadequate performance. We disagree.
"In the plea context, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different'" (People v Abdallah, 153 AD3d at 1425, quoting People v Parson, 27 NY3d 1107, 1108; see People v Galan, 116 AD3d at 788-789). Further, "[i]n the context of a Padilla claim, the defendant 'must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"' (People v Picca, 97 AD3d at 180, quoting Padilla v Kentucky, 559 US at 372). Here, contrary to the People's contention, the record supported the Supreme Court's determination that there was a reasonable probability that but for counsel's misadvice, the defendant would not have pleaded guilty to criminal contempt in the second degree (see generally People v Hargrove, 162 AD3d 25, 65). While the defendant did not testify at the hearing, defense counsel and the defendant's former immigration counsel both testified to his being focused on the immigration consequences of his plea and his determination to plead guilty only after being incorrectly advised that a conviction of criminal contempt in the second degree would not render him deportable. As the finder of fact, the Supreme Court was free to resolve any competing inferences from the testimony and documentary evidence in favor of the defendant (see People v Thibodeau, 151 AD3d 1548, 1552).
Further, the Supreme Court did not err in determining that the defendant could rationally have decided to forgo a guilty plea and proceed to trial. "[A]n evaluation of whether an individual in the defendant's position could rationally reject a plea offer and proceed to trial must take into account the particular circumstances informing the defendant's desire to remain in the [*3]United States. Those particular circumstances must then be weighed along with other relevant factors, such as the strength of the People's evidence, the potential sentence, and the effect of prior convictions" (People v Picca, 97 AD3d at 183-184; see People v Abdallah, 153 AD3d at 1427-1428). The evidence elicited at the hearing established that the defendant had resided in the United States since 1988 and had five children, all citizens of the United States, whose care and well-being were priorities for him. Under the circumstances, notwithstanding the apparent strength of the People's case against the defendant, we cannot say that a decision to face the risks of proceeding to trial, including the exposure to a harsher sentence, would not have been rational (see People v Abdallah, 153 AD3d at 1427-1428; People v Picca, 97 AD3d at 183-184). "The rationality standard set by the United States Supreme Court in Padilla does not allow the courts to substitute their judgment for that of the defendant. In applying that standard, we do not determine whether a decision to reject a plea of guilty was the best choice, but only whether it is a rational one" (People v Picca, 97 AD3d at 185). Finally, contrary to the People's contention, that the immigration court determined to order the defendant deported in February 2019 without relying exclusively on the defendant's conviction of criminal contempt in the second degree is not dispositive of the issue of prejudice (see id.; see also People v Gaston, 163 AD3d 442, 446).
The Supreme Court properly determined that defense counsel's misadvice prejudiced the defendant and affected the "fairness of the process as a whole" (People v Caban, 5 NY3d at 156 [internal quotation marks omitted]).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPL 440.10(1)(h) to vacate his judgment of conviction.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court