People v Bernard (2021 NY Slip Op 03601)





People v Bernard


2021 NY Slip Op 03601


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-08012
2016-08155

[*1]The People of the State of New York, respondent,
v
Darren Bernard, appellant. (Ind. Nos. 10980/97, 10644/02)


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Josette Simmons McGhee of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant, by permission, from (1) an order of the Supreme Court, Queens County (Barry Kron, J.), dated January 12, 2016, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate two judgments of the same court (Fernando Camacho, J.), both rendered August 23, 2011, convicting him of criminal sale of a controlled substance in the fifth degree under Indictment No. 10980/97, and bail jumping in the first degree under Indictment No. 10644/02, upon his pleas of guilty, and imposing sentences, and (2) an order of the same court (Barry Kron, J.) dated April 29, 2016.
ORDERED that the order dated January 12, 2016, is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a hearing and a new determination thereafter of the defendant's motion pursuant to CPL 440.10 to vacate the judgments rendered August 23, 2011; and it is further,
ORDERED that the appeal from the order dated April 29, 2016, is dismissed as academic in light of our determination on the appeal from the order dated January 12, 2016.
On August 23, 2011, the defendant, a citizen of Trinidad and Tobago and lawful permanent resident of the United States, pleaded guilty to criminal sale of a controlled substance in the fifth degree under Indictment No. 10980/97 and bail jumping in the first degree under Indictment No. 10644/02, and was sentenced to time served. In April 2013, the United States Department of Homeland Security initiated a removal proceeding against the defendant on the ground, inter alia, that his conviction of criminal sale of a controlled substance in the fifth degree was a deportable offense.
In October 2015, the defendant moved pursuant to CPL 440.10 to vacate the judgments of conviction, contending that he was denied the effective assistance of counsel by his attorney's alleged failure to advise him of the clear immigration consequences of his pleas. In an order dated January 12, 2016, the Supreme Court denied the motion without conducting a hearing. The defendant appeals.
A defendant has the right to the effective assistance of counsel, guaranteed under both [*2]the federal and state constitutions (see US Const Amend VI; NY Const, art I, § 6; People v Baldi, 54 NY2d 137, 146). A defendant is entitled to such effective assistance of counsel before deciding whether to plead guilty (see Padilla v Kentucky, 559 US 356, 364; People v Facey, 180 AD3d 927, 928). To prevail on a claim of ineffective assistance of counsel under the Federal Constitution, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense" (Strickland v Washington, 466 US 668, 687-688).
In Padilla v Kentucky (559 US 356), the U.S. Supreme Court held that, due to the unique nature of deportation, criminal defense counsel has a duty to inform defendants whether their pleas of guilty carry a risk of deportation. Thus, "[w]ith regard to the first prong, in the context of a plea of guilty, an attorney's failure to advise a criminal defendant, or affirmative misadvice to the defendant, regarding the clear removal consequences of the plea constitutes deficient performance" (People v Lovell, 188 AD3d 1255, 1256-1257; see Padilla v Kentucky, 559 US at 369; People v Abdallah, 153 AD3d 1424, 1425; People v Picca, 97 AD3d 170, 178). In such cases, relief will depend upon whether the defendant can demonstrate prejudice as a result thereof (see Padilla v Kentucky, 559 US at 374).
Under the New York Constitution, a defendant must show that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d at 147), which also entails a two-pronged test. The first prong is identical to its federal counterpart (see People v Galan, 116 AD3d 787, 789). The second prong contains a "prejudice component [which] focuses on the 'fairness of the process as a whole rather than its particular impact on the outcome of the case'" (People v Caban, 5 NY3d 143, 156, quoting People v Benevento, 91 NY2d 708, 714).
Here, the defendant avers that he was not advised of the immigration consequences of his pleas of guilty, and there is no evidence in the transcript of the extremely brief plea proceeding that defense counsel advised the defendant of such consequences. Moreover, the defendant's averments, including that he has been in a long-term relationship with a United States citizen, with whom he has four children, sufficiently alleged that a decision to reject the plea offer, and take a chance, however slim, of being acquitted after trial, would have been rational (see People v Picca, 97 AD3d at 184-185).
Accordingly, we reverse the order denying the defendant's motion to vacate the judgments of conviction and remit the matter to the Supreme Court, Queens County, for a hearing on the issue of whether the defendant was denied the effective assistance of counsel due to his counsel's failure to advise him of the immigration consequences of his pleas of guilty and a new determination thereafter of the motion. In light of our determination, the appeal from the order dated April 29, 2016, has been rendered academic.
LASALLE, P.J., CHAMBERS, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court