People v Lopez (2021 NY Slip Op 05672)





People v Lopez


2021 NY Slip Op 05672


Decided on October 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2021

Before: Gische, J.P., Webber, Mazzarelli, Moulton, Pitt, JJ. 


Ind. No. 3927/16 Appeal No. 14397 Case No. 2019-2048 

[*1]The People of the State of New York, Respondent,
v
Andy Lopez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Chloe Serinsky of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered December 21, 2018, as amended February 5, 2019, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.
Defendant has not established that the narrow exception to the preservation requirement applies to his Peque claim (see People v Peque, 22 NY3d 168, 182-183 [2013], cert denied 574 US 840 [2014]). The record establishes that defendant was informed of the potential for deportation long before his plea when he was served, through his attorney on the record in open court, with a notice of immigration consequences (see People v Delorbe, 35 NY3d 112, 115 [2020]). We decline to review defendant's unpreserved claim in the interest of justice. The circumstances render it highly unlikely that defendant could make the requisite showing of prejudice (see Peque, 22 NY3d at 198-201). The record shows that at the time defendant pleaded guilty, he was already subject to mandatory deportation because of his prior robbery conviction, which constituted an aggravated felony under federal law. Thus, regardless of whether he pleaded guilty in the present case, his deportation would have remained mandatory (see People v Singh, 185 AD3d 480 [1st Dept 2020], lv denied 35 NY3d 1070 [2020]).
The remarks made by counsel on the record are sufficient to permit review on direct appeal (see e.g. People v Pequero, 158 AD3d 421 [1st Dept 2018]). While defendant's counsel informed the court that the plea had "no immigration consequences," it is clear that defendant's conviction of this aggravated felony required deportation. Thus, counsel's performance "fell below an objective standard of reasonableness" (see People v McDonald, 1 NY3d 109, 113 [2003]). We conclude, however, that defendant did not establish the prejudice prong of an ineffective assistance counsel claim under the state or federal standards. In light of the strength of the People's case, the favorable plea bargain he received, the length of the possible sentence that he faced if convicted after trial, and as noted above, the mandatory deportation he already faced for his prior robbery conviction regardless of the outcome
of this case, defendant has not established the necessity of a hearing on the issue of prejudice (see People v Melo-Cordero, 123 AD3d 595, 595-596 [1st Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2021