People v Terrero (2021 NY Slip Op 05733)





People v Terrero


2021 NY Slip Op 05733


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2020-06264
(S.C.I. No. 316/13)

[*1]The People of the State of New York, respondent,
v
Victor Eduardo Terrero, appellant. 


Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY (Walter Rieman, Carter E. Greenbaum, Luke H. Phillips, and Matthew J. Barnett of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Dutchess County (Peter M. Forman, J.), dated July 16, 2020, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered May 22, 2014, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order is affirmed.
In 2014, the defendant, a citizen of the Dominican Republic and a lawful permanent resident of the United States, was charged by superior court information with criminal possession of a controlled substance in the third degree. On April 10, 2014, the defendant pleaded guilty to criminal possession of a controlled substance in the third degree. On May 22, 2014, the County Court imposed sentence in accordance with the plea agreement. By notice of motion dated May 30, 2019, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction, alleging that (1) he was deprived of the effective assistance of counsel because counsel did not advise him that he would be excluded from re-entry to the United States as a consequence of his plea, and (2) he was deprived of due process because the court never advised him that his plea would lead to his exclusion. In an order dated July 16, 2020, the court denied the motion without conducting a hearing. On September 28, 2020, a Justice of this Court granted the defendant leave to appeal.
The County Court properly denied, without a hearing, that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that the court erred in failing to apprise the defendant of the risk of exclusion from the United States in connection with his plea. The facts relevant to the defendant's due process claim appeared on the face of the record and were therefore subject to review on direct appeal, and the defendant failed to establish that his failure to take an appeal from the judgment was justifiable (see CPL 440.10[2][c]; People v Malik, 166 AD3d 650, 653; People v Zhagnay, 142 AD3d 1029, 1030).
Further, the County Court properly denied that branch of the defendant's motion [*2]which was pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel.
A defendant has the right to the effective assistance of counsel, guaranteed under both the Federal and State Constitutions (see US Const Amend VI; NY Const, art I, § 6; People v Baldi, 54 NY2d 137, 146). A defendant is entitled to such effective assistance of counsel before deciding whether to plead guilty (see Padilla v Kentucky, 559 US 356, 364; People v Facey, 180 AD3d 927, 928). To prevail on a claim of ineffective assistance of counsel under the Federal Constitution, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" (Strickland v Washington, 466 US 668, 688) and "that the deficient performance prejudiced the defense" (id. at 687). With regard to the first prong, in the context of a plea of guilty, an attorney's failure to advise a criminal defendant, or affirmative misadvice to the defendant, regarding the clear removal consequences of the plea constitutes deficient performance (see Padilla v Kentucky, 559 US at 369; People v Abdallah, 153 AD3d 1424, 1425). Under the New York Constitution, a defendant must demonstrate that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d at 147), which also entails a two-pronged test. The first prong is the same as its federal counterpart (see People v Facey, 180 AD3d at 928).
Here, it is clear from the record that defense counsel informed the defendant that pleading guilty would result in his deportation (see Padilla v Kentucky, 559 US at 356). While the defendant alleges that defense counsel failed to also inform him that pleading guilty to criminal possession of a controlled substance in the third degree would make him excludable under 8 USC § 1182 (i.e., ineligible to receive visas and ineligible to be admitted to the United States), exclusion or inadmissibility is not a direct or deportation consequence of pleading guilty (see Padilla v Kentucky, 559 US at 366; People v Lovell, 188 AD3d 1255, 1257; see also Garcia v United States, 2012 WL 5389908, *5, 2012 US Dist LEXIS 158506, *14 [ND Cal, No. CR 97-022 MEJ]). Notably, the defendant did not allege that his attorney made any affirmative misrepresentations with regard to inadmissibility (cf. People v Lantigua, 184 AD3d 80; see generally People v White, 67 AD3d 933, 934).
Accordingly, the defendant failed to sufficiently demonstrate that his attorney's performance fell below an objective standard of reasonableness. As such, that branch of his motion which was pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel was properly denied without a hearing.
In light of the foregoing, we need not reach the defendant's arguments regarding the issue of prejudice.
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court