People v Ramos (2022 NY Slip Op 04978)

People v Ramos

2022 NY Slip Op 04978

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-05492
2021-07998
 (Ind. No. 2821/15)

[*1]The People of the State of New York, respondent,
v
Juan Henriquez Ramos, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant, by permission, (1) from an order of the County Court, Suffolk County (Stephen Braslow, J.), dated February 20, 2020, and (2) from so much of a corrected order of the same court dated August 21, 2020, as, upon vacating the order dated February 20, 2020, without a hearing, denied his motion pursuant to CPL 440.10 and 440.20 to vacate a judgment of the same court rendered November 3, 2016, convicting him of rape in the first degree (two counts), sexual abuse in the first degree (three counts), course of sexual conduct against a child in the first degree, and course of sexual conduct against a child in the second degree, upon a jury verdict, and imposing sentence, and to set aside the sentence.
ORDERED that the appeal from the order dated February 20, 2020, is dismissed, as that order was superseded by the corrected order dated August 21, 2020; and it is further,
ORDERED that the corrected order dated August 21, 2020, is affirmed insofar as appealed from.
Following a jury trial, the defendant was convicted of crimes including rape in the first degree. The defendant's judgment of conviction was affirmed by this Court on direct appeal (see People v Henriquez-Ramos, 166 AD3d 1008).
In December 2019, the defendant moved pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and to set aside the sentence. In a corrected order dated August 21, 2020, the County Court, inter alia, denied the defendant's motion. The defendant appeals.
"CPL 440.10 provides that a court must deny a motion to vacate a judgment of conviction when the ground or issue raised was previously determined on the merits upon an appeal from the judgment or there were sufficient facts on the record which would have permitted appellate review of the issue on direct appeal but no review occurred owing to the defendant's unjustifiable failure to perfect a direct appeal or raise the issue on direct appeal" (People v LeBron, 128 AD3d 851, 852 [internal quotation marks omitted]; see CPL 440.10[2][c]; People v Terrero, 198 AD3d 930, 931). Here, the County Court properly denied the defendant's motion pursuant to CPL 440.10 [*2]and 440.20 to vacate the judgment of conviction and to set aside the sentence as procedurally barred, since the claims raised on that motion appeared on the face of the record, and thus, were subject to review on direct appeal (see id. § 440.10[2][c]; People v Bhuiyan, 181 AD3d 699, 701).
The defendant's contention that he was deprived of the effective assistance of appellate counsel is not properly before this Court, since the appropriate avenue for the defendant to raise such a claim is to seek a writ of error coram nobis (see People v Wingate, 184 AD3d 738, 740-741; People v Watson, 49 AD3d 570).
The defendant's remaining contention is without merit.
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court