People v Marcellus (2024 NY Slip Op 00209)

People v Marcellus

2024 NY Slip Op 00209

Decided on January 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 18, 2024

113077 113177
[*1]The People of the State of New York, Respondent,
v
Edson Marcellus, Appellant.

Calendar Date:December 14, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, Fisher and Powers, JJ.

Angela Kelley, East Greenbush, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Pritzker, J.
Appeals (1) from a judgment of the County Court of Schenectady County (Mark J. Caruso, J.), rendered January 28, 2020, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered September 29, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant, a native of Haiti with permanent residence status in the United States, was indicted and charged with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. In full satisfaction of that indictment, defendant was afforded the opportunity to plead guilty to criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced to a prison term of three years followed by a period of no more than two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and County Court sentenced him to a prison term of three years followed by two years of postrelease supervision.
After defendant unsuccessfully sought to terminate the deportation proceedings commenced against him, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 contending that he had been denied the effective assistance of counsel — specifically, that counsel failed to apprise him that his conviction of criminal possession of a controlled substance in the third degree constituted an "aggravated felony" within the meaning of 8 USC § 1101 (a) (43) (B) and, hence, rendered his deportation mandatory. The People opposed the requested relief, and County Court denied defendant's motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from County Court's order denying his motion to vacate.
Preliminarily, the People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid, as the written waiver purports to erect a complete bar to a direct appeal, and County Court's brief oral colloquy was insufficient to convey to defendant that some appellate review survived (see People v Ramjiwan, 209 AD3d 1176, 1177 [3d Dept 2022]; People v Mont, 207 AD3d 960, 960 [3d Dept 2022]). In the context of defendant's direct appeal, although his challenge to the voluntariness of his plea — predicated upon his asserted failure to fully appreciate the collateral consequences thereof — survives even a valid appeal waiver, this argument is unpreserved for our review; defendant did not move to withdraw his plea despite having an opportunity to do so prior to sentencing, and the narrow exception to the preservation requirement is inapplicable (see People v Katoom, 205 AD3d 1132, 1134[*2][3d Dept 2022]; People v Lopez, 198 AD3d 515, 515 [1st Dept 2021], lv denied 38 NY3d 929 [2022]). In any event, defendant's arguments regarding the deportation consequences associated with his plea are more appropriately reviewed in the context of his postconviction submissions (compare People v Disla, 173 AD3d 555, 556 [1st Dept 2019]; People v Johnson, 165 AD3d 556, 557 [1st Dept 2018]).
Turning to the CPL 440.10 motion, defendant contends that counsel's failure to apprise him that his guilty plea would result in mandatory deportation constituted the ineffective assistance of counsel, thereby warranting vacatur of his plea or, at the very least, a hearing on his motion. "On a motion to vacate a judgment of conviction under CPL 440.10, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Baez-Arias, 203 AD3d 1409, 1410 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1132 [2022]; see People v Miles, 205 AD3d 1222, 1224 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]). "A court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Vargas, 173 AD3d 1466, 1468 [3d Dept 2019] [citations omitted], lv denied 34 NY3d 955 [2019]; see People v Stanley, 189 AD3d 1818, 1819 [3d Dept 2020]).
"To prevail on a claim of ineffective assistance under the Federal Constitution, a defendant 'must show that counsel's representation fell below an objective standard of reasonableness' and 'that the deficient performance prejudiced the defense' " (People v Abdallah, 153 AD3d 1424, 1425 [2d Dept 2017], quoting Strickland v Washington, 466 US 668, 687-688 [1984]). In the context of a plea, the defendant must demonstrate "that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different" (People v Abdallah, 153 AD3d at 1425 [internal quotation marks, brackets and citation omitted]; see People v Tiger, 207 AD3d 574, 576 [2d Dept 2022], lv denied 38 NY3d 1190 [2022]). The standard under the NY Constitution, which requires a defendant to show that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Mohan, 215 AD3d 766, 767 [2d Dept 2023], lv denied 40 NY3d 930 [2023]), also entails a two-pronged test; the first prong is identical to its federal counterpart but, under the second prong, the "prejudice component focuses on the fairness of the process as a whole rather than its particular impact on the outcome of the case" (People v Caban, 5 NY3d 143, 156 [2005] [internal quotation marks and citation omitted]; see People v Alexander, 208 AD3d 1247, 1249 [2d Dept 2022]).
"[A] defense attorney deprives [*3]a noncitizen defendant of his or her Sixth Amendment right to the effective assistance of counsel by failing to advise, or by misadvising, the defendant about the immigration consequences of a guilty plea" (People v Peque, 22 NY3d 168, 190 [2013], cert denied 574 US 840 [2014]; see People v Baez-Arias, 203 AD3d at 1409-1410). Where "the deportation consequences of a particular plea are unclear or uncertain," and the applicable law, in turn, "is not succinct and straightforward . . . , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear . . . , the duty to give correct advice is equally clear" (Padilla v Kentucky, 559 US 356, 369 [2010] [footnote omitted]; see People v Baret, 23 NY3d 777, 797 [2014], cert denied 574 US 1085 [2015]; People v Loaiza, 158 AD3d 775, 776 [2d Dept 2018]; People v Abdallah, 153 AD3d at 1426; People v Lawrence, 148 AD3d 1472, 1473 [3d Dept 2017]).[FN1]
During the plea colloquy, County Court — after prompting by the People — advised defendant that his plea to a felony "may result in [his] deportation" and, at the time of sentencing, defense counsel acknowledged that defendant "took a plea with the understanding that there might be some [i]mmigration issues." Similarly, defendant averred in support of his CPL 440.10 motion that defense counsel "said that there was only a possibility that [he] could be deported," and that neither County Court nor defense counsel ever told him "that [he] would be deported if [he] plead[ed] guilty." These advisements were erroneous, and, as in Padilla, defense counsel readily could have ascertained — simply from a reading of the relevant statutes — that defendant's plea to criminal possession of a controlled substance in the third degree rendered deportation presumptively mandatory (see Padilla v Kentucky, 559 US at 368-369) and rendered defendant ineligible for cancellation of an order of removal (see People v Go, 207 AD3d 1081, 1083 [4th Dept 2022]; People v Abdallah, 153 AD3d at 1426). "Where, as here, defense counsel gives incorrect advice regarding the immigration consequences of a guilty plea, that constitutes ineffective assistance under the first prong of Strickland" (People v Go, 207 AD3d at 1083 [citations omitted]; see People v Remigio, 192 AD3d 519, 519 [1st Dept 2021]; People v Abdallah, 153 AD3d at 1426-1427; see generally People v Terrero, 198 AD3d 930, 932 [2d Dept 2021], lv denied 37 NY3d 1165 [2022]; People v Bernard, 195 AD3d 740, 742 [2d Dept 2021]; People v Ottey, 175 AD3d 1324, 1326 [2d Dept 2019], lv denied 34 NY3d 1018 [2019]).[FN2]
With respect to the issue of prejudice, defendant averred that he came to the United States as an asylee in 2000 and, in 2006, his status was adjusted to lawful permanent resident. According to defendant, he elected to plead guilty because counsel advised him "that it was the only way to avoid [*4]going to jail for a prolonged period of time, and because [counsel] said [he] would have a chance to prevail if [i]mmigration tried to deport [him]." Had he been aware that "criminal [possession] of a controlled substance in the third degree was a mandatory deportable crime," defendant averred, "[he] would not have plead[ed] guilty and [would have] insisted on going to trial." These averments, coupled with the fact that, at the time of his arrest, defendant had been residing in Schenectady County for eight years, was self-employed as a mechanic and, together with his long-term partner, was the parent of triplets, raise "a question of fact as to whether it was reasonably probable that [he] would not have entered a plea of guilty if he had been correctly advised of the deportation consequences of the plea" (People v Alexander, 208 AD3d at 1249). "As defendant sufficiently alleged that counsel provided incorrect information concerning the deportation consequences that would result from [his] guilty plea and that [he] was prejudiced as a result thereof, [he] was entitled to a hearing on . . . [his] CPL 440.10 motion" (People v Ricketts-Simpson, 130 AD3d 1149, 1151-1152 [3d Dept 2015] [citations omitted]; see People v Guzman-Caba, 214 AD3d 564, 565-566 [1st Dept 2023]; People v Alexander, 208 AD3d at 1249; compare People v Singh, 185 AD3d 480, 480 [1st Dept 2020], lv denied 35 NY3d 1070 [2020]; People v Lawrence, 148 AD3d at 1474), and this matter is remitted to County Court for that purpose.
Egan, Jr., J.P., Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Although factually distinguishable, to the extent this Court's prior decision in People v Marte-Feliz (192 AD3d 1397 [3d Dept 2021]) could be read as holding otherwise, that language should not be followed (see id. at 1398).
Footnote 2: Our conclusion in this regard is not altered by the fact that defendant's prior convictions of trademark counterfeiting in the third degree, which constituted a crime of moral turpitude, and criminal contempt in the second degree, which involved violation of a protective order, also rendered defendant subject to deportation (see 8 USC § 1227 [a] [2] [A] [i]; [E] [ii]). Defendant's conviction of criminal possession of a controlled substance in the third degree (see Penal Law § 220.16 [1] [intent to sell]) is qualitatively different in that such offense constituted an "aggravated felony" (see 8 USC § 1227 [a] [2] [A] [iii]; [B] [i]), thereby rendering defendant's deportation mandatory (see People v Acosta, 202 AD3d 447, 447 [1st Dept 2022]; People v Martinez, 180 AD3d 190, 192 [1st Dept 2020], lv denied 35 NY3d 972 [2020]; People v Disla, 173 AD3d at 556; see generally People v De La Rosa, 211 AD3d 588, 589 [1st Dept 2022]; People v Doumbia, 153 AD3d 1139, 1139-1140 [1st Dept 2017]; People v Ricketts-Simpson, 130 AD3d 1149, 1151 [3d Dept 2015]), subjecting him to expedited removal proceedings (see 8 USC § 1228 [a] [1], [3]; [c]) and precluding him from seeking cancellation of an order directing his removal from this country (see 8 USC § 1229b [a] [3]; People v Go, 207 AD3d at 1083; People v Abdallah, 153 AD3d at 1426). Under these circumstances, simply advising defendant that he could be deported was insufficient to discharge counsel's obligation to accurately advise defendant of the mandatory deportation consequences associated with his guilty plea.